# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:14CV-P209-H

**AVREN LAMONT SCOTT**                                                                 **PLAINTIFF**

**v.**

**SGT. JAMES MINSIN**                                                                  **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Avren Lamont Scott filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

## I.

Plaintiff is an inmate at the Kentucky State Reformatory (KSR). He sues Defendant Sgt. James Minsin, whom he identifies as a sergeant at KSR, in his individual and official capacities. He reports that on January 17, 2013, he was housed in a KSR unit under "(one on one) watch" with an "Inmate watcher . . . watching me at the time do to my suicidal thoughts." He states that he asked Defendant Minsin for some ice but that Defendant Minsin responded, "'Im not no f***** made.'" Plaintiff states, "So I asked him what the difference between me and another Inmate name Gilbert . . . which he give Ice all the time to, and he stated 'cause you a n******.' So I felt emotional disturbed right away and I felt Discriminated against . . . ." Plaintiff contends that he asked Defendant Minsin to speak to a captain and that Minsin denied his request. He maintains that this is not the first time Defendant Minsin used a racial slur against a black inmate. Plaintiff states that he has the right to be free from discrimination.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**III.**

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Eighth Amendment proscribes punishments which involve the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). However, harassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 118217, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Therefore, while the alleged conduct by Defendant is offensive and despicable, it does not state a constitutional violation.

Accordingly, the complaint fails to state a claim upon which relief may be granted and will be dismissed by separate Order.

Date:

cc: Plaintiff, pro se
4412.010

3